In the Matter of PENN CENTRAL TRANSPORTATION COMPANY, Debtor.

No. 70-347.

United States District Court, E. D. Pennsylvania.

July 3, 1973.

**1264**

Covington & Burling by Charles Horsky, Washington, D.C., and Robert

Blanchette, John De Podesta, Robert Lipkin, Ivan Shomer, John Wallace, and Carl Helmetag, Jr., Philadelphia, Pa., for the trustees, Penn Cent. Trans. Co.

David Berger, P.A. by Michael K. Simon, Philadelphia, Pa., for Penn Cent. Co.

James William Moore, New Haven, Conn., Sullivan & Worcester by Joseph Auerbach, and Morris Raker, Boston, Mass., and Gratz, Tate, Spiegel, Ervin & Ruthrauff by Spencer Ervin, Jr., and Wilbur Bourne Ruthrauff, Philadelphia, Pa., for Richard Joyce Smith, trustee, New York, New Haven & Hartford Railroad Co.

Ballard, Spahr, Andrews & Ingersoll by Frederic L. Ballard, Richardson Blair, and Alan Fellheimer, Philadelphia, Pa., for Girard Trust Bank, indenture trustee

John C. McTiernan, Albany, N.Y., for Commissioner of Transp., State of New York.

Shearman & Sterling by Robert H. MacKinnon, New York City, and Fox, Rothschild, O'Brien & Frankel by Nochem S. Winnet, Philadelphia, Pa., for First National City Bank of New York.

Kelley, Drye, Warren, Clark, Carr & Ellis by Edward Roberts, III, and Robert J. Minyard, New York City, for Manufacturers Hanover Trust Co., as indenture trustee.

Davis, Polk & Wardwell by Richard M. Berman, and Harvey Goldman, New York City, for Morgan Guaranty Trust Co. of New York, as indenture trustee.

Winthrop, Stimson, Putnam & Roberts by Edward A. Christensen, New York City, for Irving Trust Co., as indenture trustee.

Debevoise, Plimpton, Lyons & Gates by Michael Patterson, New York City, for Provident National Bank and A. Wakelee Swartz, trustees.

Reed, Smith, Shaw & McClay by Andrew N. Farley, Pittsburgh, Pa., for Mellon Bank, N.A.

White & Case by Barry S. Greene, New York City, for Bankers Trust Co., as indenture trustee.

Carter, Ledyard & Milburn by Jonathan Ross Harkavy, and Thomas G. O'Brien, III, New York City, for United States Trust Co. of New York.

Proskauer, Rose, Goetz & Mendelsohn by Philip M. Hahn, New York City, for The Bank of New York.

Drinker, Biddle & Reath by Jack B. Justice, Philadelphia, Pa., for Chase Manhattan Bank.

Duane, Morris & Heckscher by Reeder R. Fox, Philadelphia, Pa., for U. S. Steel Corp. and John Hancock Mutual Life Ins. Co.

Royall, Koegel & Wells by William R. Glendon, and William J. O'Brien, II, New York City, for Committee of Interline Railroads.

Mulholland, Hickey & Lyman by Edward J. Hickey, Jr., William J. Hickey, Geoffrey N. Zeh, and William E. Freidenberger, Jr., Washington, D.C., for Railway Labor Executives Association.

T. P. Shearer, Pittsburgh, Pa., for Cooperative Legislative Committee, Railroad Brotherhoods of Commonwealth of Pennsylvania.

Willkie, Farr & Gallagher by Walter H. Brown, Jr., and Thomas L. Bryan, New York City, and Ballard, Spahr, Andrews & Ingersoll by Frederic L. Ballard, Philadelphia, Pa., for Institutional Investors, Penn Central Group.

Leon Leighton, New York City, for Mahoning Coal Railroad minority stockholders.

Albert D. Brandon, Pittsburgh, Pa., for City of Pittsburgh.

Gordon P. MacDougall, Washington, D.C., for Commonwealth of Pennsylvania.

Fritz R. Kahn, Washington, D.C., for Interstate Commerce Commission.

John B. Wilson, Alfred N. Lowenstein, and Phillip P. Kalodner, Harrisburg, Pa., for Pennsylvania Public Utility Commission.

John B. Nason, III, Philadelphia, Pa., for Congress of Railway Unions.

James F. Dausch, Dept. of Justice, and Jerome Sharfman, Dept. of Trans., for the United States of America.

John P. Sheridan, Jr., Deputy Atty. Gen., Trenton, N.J., for State of New Jersey.

## MEMORANDUM AND ORDER NO. 1261

FULLAM, District Judge.

On March 6, 1973, this Court entered Order No. 1137, 355 F.Supp. 1343, fixing a hearing for July 2, 1973, and directing the Trustees to submit at that hearing either a feasible plan of reorganization of the Debtor, or their proposals for liquidation or other disposition of the enterprise. That hearing has now been held. The Trustees have filed a plan of reorganization, and seek permission to file that plan before the Interstate Commerce Commission, and to prosecute the plan before that body. And, a few days before the hearing, the New Haven Trustee filed a proposed plan of reorganization simultaneously with the ICC and this Court.

██ It should be emphasized at the outset that the Court is not now called upon to adjudicate the merits of any proposed plan of reorganization; indeed, § 77(d) of the Bankruptcy Act makes it clear that this Court lacks power to review any proposed plan until it has been considered by the Commission and certified to this Court by the Commission. Thus, any party with the requisite standing has the right to file a proposed plan of reorganization with the Commission and this Court, and, unless such proposed plan is patently frivolous, the Commission would be required to hold hearings thereon. As a practical matter, therefore, no order which this Court might now enter in connection with the Trustees' application could properly prevent or postpone the Commission's consideration of the plan filed by the New Haven Trustee, or any other plan which might be filed by an interested party. And, except perhaps for its general supervisory powers over the Trustees, there would seem to be no legal basis for precluding the Trustees themselves from filing and prosecuting a proposed plan

of reorganization before the Commission.

■ At the hearing, representatives of stockholder interests, certain labor groups (but not all), and the States of Pennsylvania, New York and New Jersey, urged the Court to extend the time for filing plans of reorganization for a period of 90 days, in order to afford Congress further time in which to enact legislation dealing with the overall problems of the Northeastern railroads. While such an extension of time would not, strictly speaking, prevent any party in interest from prosecuting a pending proposal before the Commission, it is conceivable that, if the Trustees were directed not to file a proposed plan for 90 days, the Commission might defer its consideration of other pending proposals for a like period. It is therefore appropriate to consider the merits of the requests for postponement.

Two principal arguments are advanced in support of the postponement: (1) it would be premature to consider liquidation of the railroad without first affording further time for Congress to undertake appropriate legislative action; and (2) it would be unwise to alarm shippers by memorializing further uncertainties concerning the railroad's future. The soundness of both of these arguments is recognized by all of the parties to this proceeding. But to urge them as reasons for denying the Trustees' application is to misconstrue the nature and purpose of the Trustees' proposal.

■ Under the provisions of the Bankruptcy Act, there are, arguably, two approaches to a resolution of the Debtor's precarious financial position. The first of these is by way of a plan of reorganization. Such a plan may or may not ultimately provide for liquidation of all or part of the Debtor's railroad. That issue is not before the Court at this time. The Interstate Commerce Commission must first grapple with this problem, and only after it has certified a plan to this Court would there be any occasion for this Court to reach a conclusion. The Trustees' proposal merely initiates the proceedings before the Interstate Commerce Commission. The plan which they propose to file expressly provides that, in the event of Congressional action before October 1, their plan would be amended. Thus, the Trustees' plan is sufficiently flexible to cover all possible eventualities.

The second possible approach under the Act would be for this Court to take action apart from the consideration and approval of a plan of reorganization. But no application for any such relief has been made to the Court, and there is therefore no necessity to consider the difficult legal and practical questions which might arise in that context.

In short, approval of the Trustees' application is consistent with the timetable for legislative action which the leaders of the appropriate committees of the Congress have themselves suggested (see letter attached to Trustees' memorandum), and would provide no present basis for increasing the discomfiture of shippers and the general public.

■ The New Haven Trustee and certain other creditor interests argue that this Court should impose a deadline of September 4, 1973 for action by the Commission on the proposed plans of reorganization. Under all of the circumstances, I do not believe this is a realistic goal. It is, of course, vital to have the matter resolved as promptly as possible, in view of the Debtor's deficit cash projections (see paragraph 6 of the affidavit of Ernest R. Varalli). The Trustees have suggested that the Commission be requested to make its report by October 1, 1973, and the Commission has indicated, through counsel, its willingness to make every effort to comply with such a request. I have concluded that the latter date is more realistic, and would provide a better opportunity for evaluating the situation in the light of intervening legislative events.

### ORDER NO. 1261

And Now, this 3rd day of July, 1973, a hearing having been held pursuant to Order No. 1137 herein, and the Trustees

having filed a "Plan of Reorganization of Penn Central Transportation Company and Certain Other Railroad Corporations," and having made application to this Court for leave to file said Plan and prosecute the same before the Interstate Commerce Commission, it is ORDERED that:

1. The Trustees are hereby directed to file their Plan of Reorganization dated July 2, 1973, with the Interstate Commerce Commission in substantially the form presented to the Court, and to take such steps as may be necessary to prosecute the proceeding to be initiated by them before the Commission for the approval of a Plan of Reorganization under § 77 of the Bankruptcy Act.

2. The Interstate Commerce Commission is hereby requested to certify an approved plan of reorganization, or a preliminary step thereof, to this Court on or before October 1, 1973.